UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 07-108S

JAVIER TAYMES

**MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM**

This Defendant Javier Taymes has pleaded guilty to an Information charging him with reentering the United States after deportation without permission of the Attorney General. He acknowledges that he was deported to his native Panama on April 15, 1994, and that he returned to the United States without permission in 2005. He was arrested on June 26, 2007 at his place of employment, Bell Funeral Home, by ICE agents who went to that location looking for Defendant's sister. The probation officer has calculated that Defendant's advisory guideline range is 70-87 months, and the Defendant concurs in this calculation. However, Defendant submits that, pursuant to Section 4A1.3(b)(1) of the Sentencing Guidelines, this Court should depart downward from Defendant's otherwise-applicable advisory guideline range because Defendant's criminal history calculation overstates his true history of criminality and the likelihood that he will commit future crimes. Defendant further submits that this Court should consider sentencing Defendant to a term of incarceration below his advisory guideline range in light of the factors set forth in 18 USC Section 3553(a).

Defendant submits that the Presentence Investigation Report, in "PART B. THE DEFENDANT'S CRIMINAL HISTORY", sets forth facts warranting a downward departure from Defendant's criminal history category as determined in accordance with

the generally applicable guidelines, because Defendant's "criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes", within the meaning of Section 4A1.3(b)(1) of the Sentencing Guidelines. As the Probation Officer states in Paragraph 32 of the Presentence Investigation Report, Defendant has a total of 12 criminal history points, and so falls within criminal history category V. However, Paragraphs 26 through 31 of the Presentence Investigation Report, which detail Defendant's criminal history, indicate that Defendant's criminal activity began in 1984 when he was 19 years old and ended in 1988 when he was 23, before his first deportation in December of that year. Since that time, although Defendant was present in the United States from 1991-1992 and from 2005-2007, he has committed no criminal offense other than by his mere presence.

In addition, although the dispositions listed in Paragraphs 27, 28, 29 and 30 were a "package deal", the Guidelines require that they be counted separately in calculating Defendant's criminal history category, thus inflating Defendant's criminal history calculation. Although Defendant received no criminal history points for the case referenced in Paragraph 30, he received a total of 9 criminal history points for the three convictions set forth in Paragraphs 27, 28 and 29. However, the conviction referenced in Paragraph 28 is based on facts – a small quantity of crack cocaine found inside Defendant's mouth at the Providence Police station and no cash on Defendant's person – that would more properly support a conviction for simple possession and a significantly lower sentence.

Defendant further submits that the remoteness of his criminal history, as reflected in the Presentence Investigation Report, suggests that Defendant is unlikely to commit

further crimes. Defendant submits that a downward departure from his criminal history category as calculated pursuant to the generally applicable guidelines would therefore be warranted.

In addition, Defendant submits that a sentence below his advisory guideline range would fully effectuate the goals of sentencing as set forth in 18 USC Section 3553(a), namely to

> impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2) the need for the sentence imposed –
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In support of his contention that the purposes of sentencing would be fully effectuated by a sentence below his advisory guideline range, the Defendant submits that this Court should consider Defendant's the remoteness of Defendant's criminal history as well as his personal history and circumstances, all of which mitigate in favor of a sentence below the advisory guideline range. Defendant's Presentence Investigation Report documents a youthful history of substance abuse (Paragraph 41) and concomitant criminality. Since his return to Panama in 1994, the Report, as well as the character

reference letters authored by Defendant's employer in Panama as well as Defendant's mother, document that Defendant has worked hard to support his family. His return to the United States was motivated not by a desire to commit further crimes but by concern for his mother's declining health and the need to provide for his family financially. Once Defendant finishes serving the sentence imposed by this Court, he will certainly be deported once again.

Based on all of the foregoing, Defendant submits that this Court should exercise its discretion to sentence Defendant below his advisory guideline range, for the reason that such a sentence would be "sufficient, but not greater than necessary" to fully effectuate the Section 2553 factors.

JAVIER TAYMES
Defendant
By His Attorney,

/s/ Judith Crowell, Esq.
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on November 29, 2007, I forwarded a copy of this Memorandum via e-filing to AUSA Adi Goldstein.

/s/Judith Crowell, Esq.