```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA      :
                              :
      vs.                     :    CR No. 07-108-S
                              :
JAVIER TAYMES                 :
```

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge.

Javier Taymes has filed an Application for Leave to File Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 by a Prisoner in Federal Custody (motion to vacate). For the reasons stated below, that Motion is denied.

I.   BACKGROUND AND TRAVEL

On June 26, 2007, Taymes was arrested for being in the country illegally. From June 26, 2007 to July 24, 2007, Taymes was in the custody of the Bureau of the Immigration and Custody Enforcement (ICE). Formal illegal reentry charges were filed against him on July 19, 2007, and on July 24, 2007, he was transferred to the custody of the U.S. Marshals.

Taymes pled guilty and was convicted of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). On December 7, 2007, this Court sentenced Taymes to 48 months imprisonment, followed by three years of supervised release. He did not appeal, and his conviction became final on or about December 23, 2007.

After he began serving his sentence for the instant offense, Taymes requested that the Bureau of Prisons (BOP) credit the period of time that he was in the custody of ICE -- from June 26, 2007 to July 24, 2007 -- towards the service of his sentence in the instant case. Between August 20, 2007 and December 15, 2007 he pursued his administrative appeals through various levels of the BOP.

In the course of that process, Taymes received partial relief when the BOP's Regional Office credited time he spent in ICE custody from July 19, 2007 (the date the criminal complaint was filed against him) to July 24, 2007 (the date he was formally transferred to the custody of the U.S. Marshals). See Regional Administrative Remedy Appeal 511312-RI, Part B Response (October 20, 2008), appearing at page 2 of Exhibit 7 (Doc. 14-7) to Petitioner's motion to vacate [hereinafter "10/20/08 BOP Determination"].[1] However, the Regional Office declined to credit for his time in ICE custody prior to July 19, 2007, on the basis that "official detention" did not include time spent in ICE custody pending a civil deportation determination. Id.

Taymes appealed to the BOP's Central Office, which denied further relief, essentially on the same basis. See Administrative Remedy No. 511312-A2, Part B - Response, dated December 15, 2008,

---

[1] The BOP's Regional Office also credited Taymes for the period he was in custody of the U.S. Marshals during the pendency of the underlying criminal proceedings against him -- from July 24, 2007 to December 7, 2007 -- (see 10/20/08 BOP Determination); this period is not an issue in the instant case.

2

appearing as Ex. 8 (Doc. 14-8) to Pet'rs motion to vacate ["12/15/08 BOP Determination"]. Further details concerning the BOP's determinations are discussed <u>infra</u>.

On January 15, 2009, Taymes filed the instant motion to vacate. His sole claim is that he is entitled to credit towards his sentence for the time he was detained at an immigration facility in the Bristol County jail by ICE prior to the initiation of his prosecution for illegal reentry.[2]

The Government has filed an objection to the motion, arguing that the motion to vacate is untimely under the one-year statute of limitations and that, in any event, the BOP determination was correct. The matter is now ready for decision.

II. <u>DISCUSSION</u>

A. Preliminary Issues

Taymes' request for credit for his time in ICE custody is governed by section 3585(b) of Title 18 U.S.C.[3] "[I]t is well-

---

[2] In his motion to vacate, Taymes appears to claim credit for the entire time he was in ICE custody, both before and after the filing of his criminal complaint. However, as discussed infra, only the period prior to the filing of the complaint remains in issue.

[3] Section 3585(b) provides:

§ 3585. Calculation of a term of imprisonment

    (b) Credit for prior custody.- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

        (1) as a result of the offense for which the

established that a request for credit for prior custody under 18 U.S.C. § 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing." Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). "Once administrative remedies are exhausted, . . . prisoners may then seek judicial review of any jail-time credit determination . . . by filing a habeas petition under 28 U.S.C. § 2241." Id. at 358 (citations omitted).

Here, Taymes has exhausted his administrative review with the BOP and may seek judicial review of the BOP's administrative denial of relief. However, the instant motion to vacate is not the appropriate means by which to obtain that review. Under established law the proper vehicle for challenging the administrative denial of credit for time served is not a motion under § 2255, but rather a motion for habeas relief pursuant to § 2241. Rogers, 180 F.3d at 358 (§ 2255 motion "would . . . not be the appropriate vehicle for a challenge to an administrative denial of credit for time served;" rather, relief should be sought under § 2241). See also id. at n.16 and cases cited therein; Kane v.

---

        sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

Zuercher, No. 09-1521, 2009 WL 2922941 (7th Cir. Sept. 1, 2009) (unpublished decision) (§2241 is appropriate vehicle for seeking judicial review of administrative denial of credit for time served).

Rather than dismiss Taymes' § 2255 motion as improperly brought, however, this Court believes that, given its clear authority to review the BOP's determination, the better course is to re-characterize that motion as a motion under § 2241 and reach the merits of his claims.[4] Furthermore, this Court need not provide Taymes with notice and opportunity to respond before re-characterizing his motion -- if indeed such notice is necessary[5] -- as the record of the administrative review before the BOP is

---

[4] Based on this approach, it is not necessary to address the Government's argument that Taymes' § 2255 motion, which was filed some 13 months after his conviction became final, is untimely.

[5] In Castro v. United States, 540 U.S. 375 (2003), the Supreme Court noted that federal courts generally have jurisdiction to "ignore the legal label that a pro se litigant attaches to a motion and [to] re-characterize the motion in order to place it within a different legal category" but then held that where a prisoner's motion is re-characterized as an initial §2255 motion, notice and opportunity to modify or withdraw the motion must be provided to the prisoner. Id. at 381-82.
  Courts have subsequently split on whether such a notice requirement applies to the re-characterization, or conversion, of other postconviction motions into a §2241 motion. Compare Simon v. United States, 359 F.3d 139, 140, 144-45 (2d Cir. 2004) (requiring notice to defendant before conversion of postconviction motion to a §2241 petition but noting that this requirement may be waived) with Binford v. Burkebile, 2007 WL 2059732 (N.D. Tex. July 17, 2007) (finding no need to address notice and waiver issue where court declined to dismiss petition and instead addressed merits of claims raised therein).

sufficiently developed for this Court to determine the merits of Taymes' claim. The Court now proceeds to do so.

    B.   <u>Merits</u>

Given the BOP's prior determinations crediting Taymes' time in ICE custody from July 19 to July 24 and his presentence time in the custody of the U.S. Marshals, Taymes' claim at this juncture is reduced to seeking credit for the period he was in ICE custody prior to the filing of the criminal complaint against him, i.e., the 23-day period from June 26 to July 19.

The BOP's manual provides that "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent *in official detention* prior to the date the sentence commences." <u>See</u> Bureau of Prisons PS 5880.28, <u>Sentence Computation Manual, (CCCA of 1984)</u> at 1-14. (Emphasis added.) As noted by the BOP's Regional Office, the Manual further provides that "[o]fficial detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS) under the provision of 8 U.S.C. 1252 pending a final determination of deportability." 10/20/08 BOP Determination. The Regional Office determined that Taymes' custody only became "official" when the criminal complaint was filed against him on July 19, 2007, and thus credited only the

6

period from July 19 to July 24 towards Taymes' term of imprisonment. Id.[6]

In its decision denying Taymes' further appeal, the BOP Central Office determined that during the remaining 23-day period Taymes was merely in civil custody of ICE for deportation processing. It noted:

> Bureau policy provides that official detention does not include time spent in ICE custody pending a civil

---

[6] In its decision the BOP's Regional Office stated:

> On June 26, 2007, you were arrested by ICE officials and taken into their custody. On July 24, 2007, you were was transferred to the Custody of the U.S. Marshals Service and were indicted in federal court on August 3, 2007. On December 7, 2007, you were sentenced in U.S. District Court, District of Rhode Island, to a term of 48 months in violation of 8 U.S.C. 1326(a) and (b)(2), Illegal Re-Entry After Deportation.
> Bureau of Prisons PS 5880.28, Sentence Computation Manual (CCCA of 1984) states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." It further states, "Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS) under the provision of 8 U.S.C. 1252 pending a final determination of deportability."
> Institution staff contacted ICE officials to re-verify that your time in their custody was solely administrative. It has been determined that you were not held solely on civil matters beginning on July 19, 2007. Therefore, your sentence computation has been updated to award additional jail credit from July 19, 2007, through December 6, 2007, with your computation beginning on December 7, 2007, the date of imposition. Your new projected release date is January 11, 2011, via Good Conduct Time Release.
> Based on the above information, your request for relief has been partially granted.

10/20/08 BOP Determination.

> deportation determination. Because you were not pending criminal charges until July 19, 2007, you cannot receive prior custody credit for any time in ICE custody prior to July 17, 2007.[7]
>
> Your federal sentence has been computed as directed by federal statute and Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCA of 1984)</u>. Your sentence computation is correct.

12/15/08 BOP Determination.

It is clear that under existing BOP regulations, a prisoner's detention by immigration authorities based solely on his illegal status in this country may not be credited towards the prisoner's term of imprisonment. <u>See</u> Bureau of Prisons <u>Sentence Computation Manual (CCCA of 1984)</u> at 1-15A ("Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service under the provisions of 8 U.S.C. § 1252 . . . ."). <u>Cf.</u> <u>Reno v. Koray</u>, 515 U.S. 50, 65 (1995) (construing the term "official detention" as used in § 3585(b) by reference to the term "detention" as used in the Bail Reform Act of 1984 to require commitment to the custody of the Attorney General).

Taymes provides no authority to this Court in support of his claim that the BOP incorrectly refused to credit the time in question towards his sentence. Indeed, it appears that the BOP made a determination partially favorable to Taymes, and that his sentence computation was correctly adjusted.

---

[7] The Court believes that this date should read July 19, 2007 rather than July 17, 2007, since this paragraph makes sense only if the July 19 date is used.

8

Further, the governing statute likewise provides that time that may be credited towards a term of imprisonment is "time . . . spent in *official detention*." 18 U.S.C. §3585(b) (emphasis added). The remaining 23-day period which Taymes currently seeks to be credited did not constitute time spent in "official detention." Therefore, the time is not creditable towards Taymes' term of imprisonment for illegal reentry.

In short, this Court concludes that the BOP's refusal to credit this period of time served was in no way a fundamental error "carry[ing] a serious potential for a miscarriage of justice." Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990). Accordingly, Taymes' claim is without merit.

III. CONCLUSION

For all of the foregoing reasons, Taymes' motion to vacate, as re-characterized, is DENIED and DISMISSED.


IT IS SO ORDERED:


_____
William E. Smith
United States District Judge
Date: 1/7/10